CARROLL, Judge.
The appellant was injured while riding as a paying passenger in a form of taxi *33 cab known as a jitney. The vehicle was one of three owned by Frank King, which he operated as jitneys. Appellant was injured when a collision occurred between the jitney and an uninsured automobile. The appellant, as a person occupying the insured vehicle was an insured under an automobile liability policy which had been issued to King covering the vehicle involved.
Interrupting Kennedy’s proceeding for recovery under the uninsured motorists coverage through arbitration as provided for in the policy, the insurer filed this action for declaratory judgment, claiming noncoverage because of a provision of the policy that the term “insured automobile” as used therein would not include “an automobile while used as a public or livery conveyance.”
Kennedy filed an answer in which he admitted his claim arose out of an accident involving one of the insured King vehicles while he was a passenger therein, and averred that the insurer had issued the policy to King with “clear knowledge by the plaintiff [insurer] that the vehicle was to be used as a jitney as is evidenced by the policy,” and averred he was an insured under the terms of the policy by reason of having been an occupant thereof.
As defendant in the action for declaratory judgment, Kennedy served on the plaintiff insurer a request for admission that the insurer through its agents knew that the vehicle in question owned by Frank King “was to be used as a jitney when they issued the policy of insurance to Frank King on same and that they issued said policy of insurance on said jitney.” The filed answer of the insurer thereto was: “Admitted.”
In King’s application for the policy, the vehicles to be covered were described as a Ford Club Wagon and two Plymouth 4-Door Hardtops. The application listed King as “self-employed,” and his occupation as “owner of jitney.” In the section thereof designating the use to which the vehicles would be put (pleasure, business or farming), it was stated they were to be used for business. To the application question “what business,” the answer written therein was “Private Livery (Jitney).”
The policy issued thereon, in listing the persons insured, included “any other person while occupying an insured automobile.” Further in that division of the policy it was stated: “but the term ‘insured automobile’ shall not include: (i) an automobile while used as a public or livery conveyance.” The annual premiums for insurance on each of the jitneys was $556. A copy of the application was attached to the policy as issued.
Without stating the ground therefor, the trial court entered judgment holding Kennedy “is not entitled to insurance coverage from Lumbermen’s Mutual Casualty Co.,” and the judgment enjoined Kennedy “from prosecuting this matter in the American Arbitration Association or elsewhere.” Since the claimant was a designated insured under the policy, and the insurer’s contention of non-coverage was because of the provision in the policy that the term insured automobile would not include an automobile “while used as a public or livery conveyance,” it follows that the trial court regarded that last mentioned clause of the policy effectively excluded coverage for this automobile while being operated as a “livery conveyance (jitney),” when it had been accepted for insurance for that specific use. In our view that construction of the policy by the trial court was incorrect, and we reverse.
The clause of the policy which provides that an insured automobile cannot include one while used as a public or livery conveyance, as contained in the printed form dealing at length with “Insuring Agreements” is a reasonable exclusionary provision to be applied to policies issued on vehicles which therein would be stated to be used for purposes other than “as a public or livery conveyance.” But in a policy (with premium paid therefor) issued on a livery conveyance vehicle, with *34 its intended use as such known to the insurer and stated in the application therefor, the exclusionary clause referred to cannot reasonably be construed to have the effect of vitiating the very coverage for which the policy expressly was intended and issued. That exclusionary clause is not operative where the stated purpose of the insurance is to insure a livery conveyance, for use as such.
Moreover, if the presence of that exclusionary clause in the policy is regarded as creating an ambiguity (in view of the purpose for which the insurance was issued in this instance) that ambiguity should be resolved in favor of the insured in the circumstances disclosed, as well for the applicable rule of construction.[1]
For the reasons assigned, the judgment is reversed.

. See 18 Fla.Jur., Insurance § 407. In Couch on Insurance, 2nd Ed. Yol. 12, § 45:9, it is said: “An automobile liability policy should be construed liberally with respect to coverage, so that recovery will only be denied in the case of a plain necessity for that result. An automobile liability policy is governed by the general principle of strict construction of ambiguities in favor of the insured.’’